**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION**

| | | |
|---|---|---|
| MICHAEL EDWARD BUFKIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTRADE, INC., JACOB LEW, TIMOTHY GEITHNER, JOHN KOSKINEN, DOUGLAS SHULMAN, STEVEN MILLER, DANIEL WERFEL, WILLIAM WILKINS, C.D. BAILEY, and CALVIN BYRD,<br><br>Defendants. | ) | Case No. 2:17-cv-00281-JES-CM |

**UNITED STATES AND SCOTTRADE, INC.'S JOINT MOTION FOR STAY OF DISCOVERY AND FOR PARTIAL RELIEF FROM RELATED CASE ORDER AND TRACK TWO NOTICE WITH LOCAL RULE 3.01(g) CERTIFICATION OF COUNSEL**

The United States of America and Scottrade, Inc. ("Scottrade"), by and through their undersigned counsel, jointly move the Court to stay discovery and for partial relief from the Court's Related Case Order and Track Two Notice requiring the parties to meet and prepare a Case Management Report until the Court decides the United States' pending motion to dismiss.

## I. BACKGROUND

On May 22, 2017, Plaintiff Michael Edward Bufkin, proceeding *pro se*, filed this action asserting various claims against Scottrade as well as against former and current government employees. Bufkin's claims are based entirely on the frivolous argument that the federal income tax system is voluntary.

On May 26, 2017, the Court entered the Related Case Order and Track Two Notice providing that "counsel and any unrepresented party shall meet within THIRTY (30) DAYS after service of the complaint upon any defendant, or the first appearance of any defendant, to prepare a Case Management Report." Order, Doc. No. 3. The Order further provides that "no party may seek discovery from any source before the case management meeting, unless otherwise ordered by the Court." *Id.*

On September 1, 2017, Scottrade filed a motion to compel arbitration and to stay or dismiss the proceedings against it pending arbitration. Motion to Compel, Doc. No. 20. Bufkin filed a response on October 31, 2017. Response to Motion to Compel, Doc. No. 29. The Court granted Scottrade's request for leave to file a reply, which reply is due November 27, 2017. Order, Doc. No. 49.

Although Bufkin asserts throughout his complaint that the United States is not a party to the lawsuit, in the case caption he notes that he is suing the individual defendants "officially and individually." Complaint, Doc. No. 1 at 1-2. Claims asserted against federal employees in their official capacity are treated as claims against the United States. Accordingly, on October 11, 2017, the United States filed a motion to dismiss the official capacity claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* Doc. No. 26. Bufkin has failed to demonstrate that he personally served any of the individual defendants in accordance with Fed. R. Civ. P. 4(e). *See* United States' Response to Plaintiff's Proofs of Service, Doc. No. 47.

Bufkin filed a "Preliminary Response" to the United States' dispositive motion, in which he requests permission to serve "limited jurisdictional discovery." Response, Doc. No. 50. On November 17, Bufkin—without leave from the Court to initiate discovery from another

party—served undersigned counsel for the United States with his "Second Set of Discovery (Subject Matter Jurisdiction)."[1] A copy of the discovery requests is attached hereto as **Exhibit A**.[2] Bufkin seeks production of the IRS' responses to the Freedom of Information Act requests he allegedly sent to the IRS relating to tax years 2002 through 2012. *See* Exhibit A. According to Bufkin, the IRS' responses to the FOIA requests constitute a "cryptic" confession that he has not volunteered to be a taxpayer for the tax years at issue. Doc. No. 50 at 9-10. As detailed in the United States' motion to dismiss, courts have universally-rejected the argument advanced by Bufkin that the payment of federal income taxes is voluntary.

Even though Bufkin's entire lawsuit is frivolous on its face and the Court would be well within its discretion to sanction him for bringing this suit, the Related Case Order and Track Two Notice requires Bufkin, Scottrade's counsel, and the United States' counsel to have a case management meeting and file a joint case management report with the Court. In light of the United States' pending dispositive motion and Scottrade's motion to compel arbitration, the United States and Scottrade jointly request that the Court stay discovery and excuse the parties from conducting a case management conference and preparing a case management report until at least thirty days after the Court has ruled on the motion to dismiss and motion to compel arbitration.

---

[1] On October 30, 2017, Bufkin served the United States with his "First Set of Discovery for Purposes of Service," but he withdrew the discovery requests on November 3.

[2] Plaintiff has not served any discovery requests on Scottrade yet.

## II. DISCUSSION

Courts may grant a motion to stay discovery for good cause shown if the stay is reasonable. *See* Fed. R. Civ. P. 26(c). Here, a stay of discovery is reasonable and good cause exists to grant a stay because: (1) granting the United States' pending motion to dismiss would dispose of the case entirely or, at the very least, dispose of Bufkin's claims asserted against the United States, and (2) granting Scottrade's motion to compel arbitration would force Bufkin to pursue his claims against Scottrade in FINRA arbitration where he may conduct discovery pursuant to FINRA rules.

The Eleventh Circuit has held that a motion to stay discovery should be favorably viewed where there is a pending motion to dismiss that is a purely facial challenge:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citation and footnote omitted). Under *Chudasama*, a stay of discovery is appropriate here.

The United States' motion to dismiss is a facial attack upon Bufkin's frivolous complaint of the kind that should be resolved before allowing discovery to proceed. Engaging in discovery in this case would be a waste of resources, particularly in light of the fact that the entire premise of Bufkin's lawsuit—that the federal income tax system is voluntary—is without merit.

For example, Bufkin's recent discovery requests ask the United States to produce the IRS' responses to his FOIA requests for tax years 2002 to 2012, which Bufkin claims are

similar to the IRS' response to his FOIA request for tax year 2013 (attached as an exhibit to his complaint).[3] *See* Doc. No. 50, at 20-21. According to Bufkin, the IRS' response shows that Bufkin never volunteered to be a taxpayer. *Id.* at 21. Bufkin claims that discovery is necessary so that undersigned counsel for the United States can review the responses. *Id. See also id.* at 10 ("BUFKIN expects that this matter will end a lot sooner where DoJ has to read, for itself, each and every single one of the irs's [sic] confessions, as cryptic as they are, that BUFKIN has not 'volunteered' for ***any*** year at issue.") (emphasis supplied). Bufkin's "voluntariness" argument is frivolous and discovery will not change that result.

In deciding whether to grant a stay of discovery, the Court must also balance the harm that might be produced by a delay in discovery against the possibility that the motion to dismiss will be granted and eliminate the need for discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (Corrigan, J.). Here, no harm would occur by a stay of discovery. In contrast, a "preliminary peek" at the motion to dismiss reveals there is a strong likelihood Bufkin's complaint will be dismissed. *See McCabe v. Foley*, 233 F.R.D. 683, 686 (M.D. Fla. 2006) (Morris, J.). Balancing the potential harm from granting the stay against the likelihood of dismissal weighs in favor of staying discovery.

For the very same reasons that favor a stay of discovery, it is also appropriate for the Court to excuse the parties from conducting a case management conference to prepare and

---

[3] Bufkin submitted a FOIA request seeking any documents he signed agreeing to be a taxpayer for tax year 2013 and documents on which the IRS relies to show that he was a taxpayer for tax year 2013. *See* Doc. No. 1-1 at 18. The IRS noted that to respond to the request it would have to create personalized and specific statements about Bufkin's tax liability—something that the IRS is not required to do under FOIA. *Id.* at 20.

submit a joint case management report. With a stay of discovery in place, there is no need for the report, which under Local Rule 3.05(c)(2) includes such items as a discovery plan, dates for filing of motions to join other parties, and discussions of alternative dispute resolution. Accordingly, the United States and Scottrade request the Court excuse the parties from that part of the Related Case Order requiring that they confer and submit a joint case management report within thirty days of service upon any defendant.

## III. CONCLUSION

To prevent the waste of resources that would result from proceeding with discovery before the Court rules on the United States' motion to dismiss and Scottrade's motion to compel arbitration, the United States and Scottrade request that the Court grant a stay of discovery prohibiting the parties from conducting discovery until at least thirty days after such time as the Court has ruled on the United States' motion to dismiss and Scottrade's motion to compel arbitration. The United States and Scottrade also request that the Court excuse the parties from conferring and submitting a case management report until at least thirty days after the Court has ruled on the motions.

Dated: November 24, 2017

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-353-1988 (v)
202-514-4963 (f)
Mary.E.Smith@usdoj.gov

*Counsel for the United States of America*

*/s/ Lawton R. Graves*
**NIELS P. MURPHY**
Florida Bar No.: 0065552
nmurphy@murphyandersonlaw.com
scassidy@murphyandersonlaw.com
**LAWTON R. GRAVES**
Florida Bar No.: 0086935
lgraves@murphyandersonlaw.com
pstevens@murphyandersonlaw.com
1501 San Marco Boulevard
Jacksonville, Florida 32207
904-598-9282 (phone)
904-598-9283 (fax)

*Trial Counsel for Defendant Scottrade, Inc.*

**Local Rule 3.01(g) Certification of Counsel**

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, undersigned counsel has consulted with Plaintiff Michael Edward Bufkin, who indicated that he consents to the relief requested in the motion to the extent it seeks a stay of the case management conference and case management report but he opposes the motion to the extent it seeks a stay of discovery.

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Trial Attorney, Tax Division
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Niels P. Murphy
Lawton R. Graves
1501 San Marco Boulevard
Jacksonville, Florida 32207

*Counsel for Defendant*
*Scottrade, Inc.*

I further certify that on November 24, 2017, I sent, by first-class mail, postage prepaid, a copy of the foregoing document to:

Michael Edward Bufkin
7124 Lemuria Circle, Unit 603
Naples, Florida 34109

*Pro se Plaintiff*

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Trial Attorney, Tax Division
U.S. Department of Justice