UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL EDWARD BUFKIN,

    Plaintiff,

v.                                    Case No: 2:17-cv-281-FtM-29CM

SCOTTRADE, INCORPORATED,
JACOB J. LEW, TIMOTHY F.
GEITHNER, JOHN KOSKINEN,
DOUGLAS SHULMAN, STEVEN
T. MILLER, DANIEL WERFEL,
WILLIAM J. WILKINS, C.D.
BAILEY, CALVIN BYRD and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER

This matter comes before the Court upon review of the United States and Scottrade, Inc.'s ("Scottrade") Joint Motion for Stay of Discovery and for Pretrial Relief from Related Case Order and Track Two Notice with Local Rule 3.01(g) Certification of Counsel (Doc. 52) filed on November 24, 2017. On May 22, 2017, Plaintiff, who is proceeding *pro se*, filed a Complaint against various Defendants including certain United States officials in their individual and official capacities. Doc. 1. On September 1, 2017, Defendant Scottrade filed a motion to compel arbitration and to stay or dismiss the proceedings against it pending arbitration. Doc. 20. On October 11, 2017, the United States, as the real party in interest, filed a Motion to Dismiss. Doc. 26. On November 14, 2017, Plaintiff filed a response to

the motion to dismiss, which includes a request for limited jurisdictional discovery. Doc. 50.

Scottrade and the United States seek to stay discovery and a case management conference pending judicial resolution of the motion to dismiss and the motion to compel arbitration because they assert Plaintiff's claims are based on the frivolous argument that the federal income tax system is voluntary. Doc. 52 at 1. Plaintiff opposes staying discovery, but does not oppose staying a case management conference. *Id.* at 8.

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). "[N]either the parties nor the court have any need for discovery before the court rules on the motion" because the dispute is purely legal and involves no issues of fact. *Id.; Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama* does not stand, however, for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

"A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted). This does not require the Court to decide on a pending dispositive motion. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court also must balance the harm produced by a delay in discovery against the possibility the motion will be granted and entirely eliminate the need for such discovery, which involves "weighing the likely costs and burdens of proceeding with discovery." *McCabe,* 233 F.R.D. at 685 (citation and quotation marks omitted). The Court has broad discretion to stay discovery pending resolution of a dispositive motion. *Hovermale v. Sch. Bd. of Hillsborough Cty Fla.,* 128 F.R.D. 287, 289 (M.D. Fla. 1989).

Here, after taking a "preliminary peek" at the motion to dismiss and the motion to compel arbitration, the Court finds them meritorious and will stay discovery and a case management conference until judicial resolution of these motions. *See McCabe,* 233 F.R.D. at 685. Furthermore, at this early stage of proceedings, staying discovery and a case management conference will not cause any prejudice to the parties. *See id.* Accordingly, the Court will grant the present motion to stay and deny without prejudice Plaintiff's request for limited jurisdictional discovery.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The United States and Scottrade, Inc.'s Joint Motion for Stay of Discovery and for Pretrial Relief from Related Case Order and Track Two Notice with Local Rule 3.01(g) Certification of Counsel (Doc. 52) is **GRANTED**.

2. Plaintiff's Request for Limited Jurisdictional Discovery (Doc. 50) is **DENIED without prejudice**.

2. Discovery is **STAYED** pending judicial resolution of the motion to compel arbitration (Doc. 20) and the motion to dismiss (Doc. 26).

3. The parties shall hold a case management conference and file a case management report within **FOURTEEN (14) DAYS** from the latter of the Court's ruling on the motion to compel arbitration (Doc. 20) or the motion to dismiss (Doc. 26).

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties