UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL EDWARD BUFKIN,

    Plaintiff,

v.                                                Case No: 2:17-cv-281-FtM-29CM

SCOTTRADE, INCORPORATED, JACOB J. LEW, Secretary, the Department of the Treasury, TIMOTHY F. GEITHNER, Secretary, the Department of the Treasury, JOHN KOSKINEN, Commr, Internal Revenue Service, DOUGLAS SHULMAN, Commr, Internal Revenue Service, STEVEN T. MILLER, Acting Commr, Internal Revenue Service, DANIEL WERFEL, Acting Commr, Internal Revenue Service, WILLIAM J. WILKINS, Chief Counsel, Internal Revenue Service, C.D. BAILEY, Revenue Officer, Internal Revenue Service, CALVIN BYRD, Revenue Officer, Internal Revenue Service, and UNITED STATES OF AMERICA,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendant United States of America's Motion to Dismiss (Doc. #26)[1] filed on

---

[1] The motion was filed on behalf of the individuals sued in their official capacity only.

October 11, 2017. Plaintiff filed a "Preliminary Response to United States' Motion(s) to Dismissal" (Doc. #53) on November 27, 2017. The United States seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I.**

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. at 924 n.5. The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okaloosa County, 21 F.3d 1531, 1536 n.5 (11th Cir. 1994) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

**II.**

On May 22, 2017, plaintiff Michael Edward Bufkin (Bufkin) filed his Original Complaint (Doc. #1) asserting that he is not a taxpayer and remains a non-taxpayer, and that the Internal Revenue Service has no documentation to support the assertion that Bufkin "volunteered" to be a taxpayer. (Id., ¶ 25.) Plaintiff alleges that defendants Jacob J. Lew, Timothy F. Geithner, John Koskinen, Douglas Shulman, Steven T. Miller, Daniel Werfel, William J. Wilkins, and C.D. Bailey, acting jointly and severally, conspired to obtain possession of Bufkin's funds from his Scottrade accounts. Bufkin alleges that he made a demand for the return of the property. (Id., ¶ 31.)

Bufkin seeks $50,000 for "Administrative sanctions" against the IRS-related actors. Bufkin asserts a Bivens claim against defendants. (Id., ¶ 37.) Bufkin argues that defendants must have evidence of plaintiff having volunteered to be a taxpayer before taking property under the guise of tax collection. (Id., ¶ 39.) Plaintiff alleges that he confirmed through a FOIA request that the IRS has no documents to support a finding that plaintiff volunteered to be a taxpayer. Plaintiff argues that he has the right not to contract with the IRS, and has renewed this right every year. (Id., ¶ 40.)

Plaintiff also asserts a conspiracy to violate plaintiff's "right not to contract", the failure to prevent the conspiracy,

3

and the deliberate indifference of Wilkins for failing to train Bailey, Lew, Geitner, Koskinen, Shulman, Miller, and Werfel for each of the identified years between 2002 and 2007. (Id., ¶¶ 47, 56-57, 65-76.)

Bufkin states that Calvin Byrd asserted that taxes were due for 2004 and 2005, and that plaintiff had a duty to file a return for 2012, 2013, 2014, and 2015, or be subject to an audit. (Id., ¶83.) Plaintiff also seeks administrative sanctions in the amount of $50,000 against Byrd because his position is substantially unjustified. (Id. ¶¶ 84-85.) Bufkin alleges a Bivens claim against Byrd, and a conspiracy with Koskinen, Wilkins, with Byrd. (Id., ¶¶ 87, 97.)

For each year at issue, 2002 through 2007, plaintiff seeks $1 million in actual damages, and $1 million in punitive damages for the confiscation of his property based on tax claims. Alternatively, plaintiff seeks injunctive/mandamus relief regarding his status as a non-taxpayer.

Attached to the Complaint is a responsive letter to plaintiff's Freedom of Information Act (FOIA) request dated February 12, 2014. (Doc. #1-1, Exh. P-3.) Also attached to the Complaint are plaintiff's "demand" letters dated May 19, 2015, and February 11, 2016 as his "administrative process" compliance. (Doc. #1-1, p. 3.) The first letter is addressed to Lew, Koekinen, Wilkins, and Bailey to "address all matters of immunity and

administrative process" and presents many of the claims incorporated into the Complaint. (Doc. #1-1, Exh. DL-1.) The second letter is addressed to Koskinen, Assistant Attorney General Ciraolo, Wilkins, and Byrd in response to the "demands" of Byrd in a letter dated May 14, 2015, and focuses on plaintiff's disagreement with the label of taxpayer. (Doc. #1-1, Exh. DL-2.)

**III.**

As a preliminary matter, plaintiff's arguments that he is not a taxpayer, that it has not been proven that he is a taxpayer, and that he did not volunteer to pay taxes are patently frivolous and have been rejected "by courts at all levels of the judiciary, and, therefore, warrant no further discussion." Biermann v. C.I.R., 769 F.2d 707, 708 (11th Cir. 1985). Any request for injunctive or declaratory relief regarding plaintiff's status as a taxpayer will be dismissed without further discussion. See also Stubbs v. Comm'r of I.R.S., 797 F.2d 936, 938 (11th Cir. 1986) (argument that wages were not taxable income rejected as patently frivolous); Herriman v. C.I.R., 521 F. App'x 912, 913 (11th Cir. 2013) (rejecting as without merit argument that withholding of taxes from wages is an unconstitutional direct income tax without apportionment).

**IV.**

Sovereign immunity protects the federal government and its agencies from civil liability unless the federal government consents to suit. JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.,

5

224 F.3d 1260, 1263 (11th Cir. 2000); Zajac v. Clark, No. 2:13-CV-714-FTM-29, 2015 WL 179333, at *3 (M.D. Fla. Jan. 14, 2015). The waiver must be "unequivocally expressed" to be effective. United States v. Nordic Vill. Inc., 503 U.S. 30, 33 (1992). Absent some waiver, the Court does not have subject-matter jurisdiction.

The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity for tort claims, Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006), however an administrative claim with the agency remains a prerequisite to filing a tort action, Motta ex rel. A.M. v. United States, 717 F.3d 840, 843 (11th Cir. 2013). The Court will consider the various bases to exercise jurisdiction over plaintiff's claims.

**A. Recovery Action**

The district courts have original jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). However, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have

been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a).

Other than making a FOIA request regarding his taxpayer status, and sending two letters that did not actually assert a claim, plaintiff does not allege that he filed a formal claim for refund or recovery of the Scottrade account funds. Further, the plaintiff explicitly rejects the argument that he is seeking a refund under Section 1346. (Doc. #1, ¶¶ W & 11.) Therefore, to the extent plaintiff is seeking *recovery* of those funds, the motion to dismiss will be granted.

### B. Collection Action

If plaintiff is seeking to bring suit against an officer or employee of the IRS regarding the *collection* of taxes, a "taxpayer may bring a civil action for damages against the United States in a district court of the United States" if any officer or employee of the IRS "recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). To obtain damages, a plaintiff must still exhaust administrative remedies available within the IRS.

Again, there is no indication that plaintiff has taken any effort to exhaust, and any action must be brought within 2 years after the date the right of action accrued. 26 U.S.C. §

7

7433(d)(3). The Scottrade funds were sold and transferred to the IRS on or about May 2013, and the Complaint (Doc. #1) was filed on May 22, 2017. Even if plaintiff's letter dated May 19, 2015 threatening suit was considered as the date the right of action accrued, there are no facts in the Complaint supporting a claim of reckless or intentional disregard of IRS regulations. The motion to dismiss will be granted.

### C. Anti-Injunction Act & Declaratory Judgment Act

The Court notes that this is not plaintiff's first suit regarding his taxes. The previous suit was dismissed because the Anti-Injunction Act and Declaratory Judgment Act preclude the suit, and therefore plaintiff could not state a claim. <u>Bufkin v. United States</u>, No. 2:11-CV-553-FTM-29, 2012 WL 5381970, at *2 (M.D. Fla. Nov. 1, 2012). The dismissal with prejudice was affirmed on appeal because Bufkin had failed to demonstrate that the United States had waived its sovereign immunity. <u>Bufkin v. United States</u>, 522 F. App'x 530, 532 (11th Cir. 2013). This remains the case. Plaintiff's claims for injunctive or declaratory relief are precluded because he has not shown that sovereign immunity has been waived. The motion to dismiss will be granted.

### D. Conspiracy Claims

Plaintiff asserts a conspiracy by all defendants without making any factual allegations of how each defendant participated to collude with one another. Plaintiff's theory of conspiracy

stems from the collection or method of collecting levied funds from the Scottrade accounts. Even if adequately pled, plaintiff's claims of conspiracy are also foreclosed because sovereign immunity has not been waived. Ishler v. Internal Revenue, 237 F. App'x 394, 398 (11th Cir. 2007). The motion to dismiss will be granted as to the conspiracy claims.

**E. Individual Capacity**

Plaintiff filed several "Proofs of Service" wherein plaintiff indicates that he personally served Jeff Sessions as United States Attorney General, Jacob J. Lew, Timothy F. Geithner, John Koskinen, Douglas Shulman, Steven T. Miller, Daniel Werfel, W. Stephen Muldrow as United States Attorney for the Middle District of Florida, and Channing D. Phillips, as United States Attorney for the District of Columbia by certified mail. (Docs. ## 30-40.) None of the individuals were personally served with process in their individual capacity. Plaintiff filed Status Reports (Docs. ## 41, 42) as to Calvin Byrd and C.D. Bailey that they may no longer be employed by the IRS. Plaintiff later filed his Proofs of Service for both. (Docs. ## 45, 46.)

The United States does not represent the various defendants in their individual capacity, only in their official capacities, however a Response to Plaintiff's Proofs of Service (Doc. #47) was filed to "counter Bufkin's representation to the Court that he served the individual defendants." (Doc. #47, p. 1 n.1.)

9

Plaintiff responded to this Response at length, treating it as an Objection, arguing why service was in compliance with "restricted delivery", and that the Department of Justice bears the burden to demonstrate that the signor was not an authorized agent for service. It remains the case that the individuals were not personally served with process, and therefore the claims against the individuals are due to be dismissed.

Even assuming service of process was proper, the claims against the individuals personally are due to be dismissed as without merit. Under Bivens[2], a plaintiff may sue federal officers in their individual capacity for constitutional violations. This does not include liability for conduct of subordinates under a theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff vaguely alludes to a failure to train, deliberate indifference, and a conspiracy but no personal action by most of the individual defendants. As to Byrd, who sought documents from plaintiff, plaintiff's Bivens claim is precluded because plaintiff had an alternative remedy to obtain redress through the Tax Court. Topping v. U.S. Dep't of Educ., 510 F. App'x 816, 819 (11th Cir. 2013).

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

"Due to the comprehensiveness of the Internal Revenue Code, courts are nearly unanimous in holding that Bivens relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes." Zajac v. Clark, No. 2:13-CV-714-FTM-29, 2015 WL 179333, at *5 (M.D. Fla. Jan. 14, 2015) (collecting cases). The claims against the individuals in their individual capacity will be dismissed for this additional basis.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #26) is **GRANTED** and the Complaint is **dismissed with prejudice** as to all defendants except Scottrade, Incorporated.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and administratively close the file pending arbitration with Scottrade Incorporated.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record